```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,

            - against –

LEMREY ANDREWS,

                Defendant.

-----------------------------X
```

**MEMORANDUM AND ORDER**
01 Cr. 450-6 (NRB)
24 Civ. 5246 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is a petition filed by defendant Lemrey Andrews on July 11, 2024 pursuant to 28 U.S.C. §§ 2255 and 2241, seeking to vacate his § 924(c) conviction and reduce his sentence, or, in the alternative, seeking relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b).  ECF No. 434 ("Mot.").  For the following reasons, defendant's applications are denied.

## BACKGROUND

The Court presumes familiarity with the facts of this case, which have been thoroughly recounted in prior opinions.  See, e.g., Andrews v. United States, No. 08 Civ. 3325 (NRB), 2009 WL 860702 (S.D.N.Y. Mar. 31, 2009); United States v. Andrews, No. 01 Crim. 450-6 (NRB), 705 F.Supp.3d 142, 155 (S.D.N.Y. 2023).

On May 7, 2001, Andrews was indicted as a member and leader in the United Blood Nation gang, more commonly known as "the Bloods."  See ECF No. 1.  On August 27, 2002, following a trial

lasting more than two months, a jury convicted Andrews of: (1) participating in a racketeering organization, in violation of 18 U.S.C. §§ 1961, 1962(c) (Count 1); (2) participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 2); (3) conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 3); (4) transporting women in interstate commerce for the purposes of promoting prostitution, in violation of 18 U.S.C. § 2421 (Count 23); (5) enticing and coercing women in interstate commerce for the purposes of promoting prostitution, in violation of 18 U.S.C. § 2422(a) (Count 24); (6) possessing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 31); and (7) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count 37). <u>See</u> ECF No. 412-2. On April 16, 2003, this Court sentenced Andrews to a total of 352 months' imprisonment, consisting of: 240 months on Count 1 and 52 months on Count 2, to run consecutively; 120 months on each of Counts 3, 23, 24, and 37, to run concurrently with Counts 1 and 2; and an additional 60 months' on Count 31, to run consecutively.[1] ECF No. 225.

---

[1] Andrews faced statutory maximums of: up to 20 years' imprisonment on each of Counts 1 and 2, pursuant to 18 U.S.C. §§ 1961, 1962(c), and 1962(d); up to 10 years' imprisonment on each of Counts 3, 23, 24, and 27, pursuant to 18 U.S.C. §§ 1959(a)(5), 2421, 2422(a), and 922(g)(1); and a mandatory consecutive term

Andrews subsequently appealed his sentence and conviction, arguing, inter alia, that he received ineffective assistance of counsel, that the jury's exposure to media reports rendered his trial unconstitutional, and that he should be resentenced following the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Second Circuit affirmed Andrews' conviction and declined to rule on Andrews' ineffective assistance of counsel claim, but remanded the case to this Court to consider whether resentencing pursuant to Booker was appropriate. United States v. Portee, 129 F. App'x 652, 655 (2d Cir. 2005). On April 21, 2006, this Court issued an order declining to modify Andrews' original sentence, finding that, even if Booker had been decided before Andrews' sentencing, the Court would not have imposed a different sentence, noting that "Andrews' history of criminal activity does not consist merely of isolated incidents that occurred long ago, but rather a persistent pattern of criminality." United Sates v. Andrews, No. 01 Cr. 450-6 (NRB), 2006 WL 1063286, at *2 (S.D.N.Y. Apr. 21, 2006). Andrews appealed, and the Second Circuit affirmed

---

of 5 years to life imprisonment, pursuant to 18 U.S.C. § 924(c). See Presentence Investigation Report ¶ 184. The United States Federal Sentencing Guidelines (the "Guidelines") provided for a custodial sentencing range of 360 months to life imprisonment. Id. at 37.

the sentence. United States v. Andrews, 254 F. App'x 835, 837 (2d Cir. 2007).

On April 3, 2008, Andrews filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of his trial counsel. This Court denied the petition on March 31, 2009, finding Andrews had failed to demonstrate that his lawyer's performance "fell below an objective standard of reasonableness in light of prevailing professional norms and failed to affirmatively prove prejudice." Andrews v. United States, No. 08 Civ. 3325 (NRB), 2009 WL 860702, at *6 (S.D.N.Y. Mar. 31, 2009) (citations and quotations omitted). The Second Circuit affirmed. Andrews v. United States, 381 F. App'x 51 (2d Cir. 2010).

On September 11, 2023, Andrews filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking to reduce his 352-month sentence to time served in light of the United States Sentencing Guidelines (the "Guidelines") amendments that became effective on November 1, 2023, and arguing that the remainder of his sentence was attributable solely to a conviction for conduct that no longer constituted an offense following the Supreme Court's opinion in United States v. Davis,

588 U.S. 445 (2019).[2]  ECF Nos. 411-413.  This Court denied the petition on December 7, 2023, finding that: (i) the change in law stemming from Davis was "not a cognizable basis for a sentence reduction" under the Guidelines amendments; (ii) Andrews' other arguments "d[id] not come close to rising to the level of extraordinary or compelling" under § 3582; and (iii) the 18 U.S.C. § 3553(a) factors counseled against release.  United States v. Andrews, 705 F. Supp. 3d 142, 155 (S.D.N.Y. 2023).  Defendant filed a notice of appeal from this denial, ECF No. 423, and his appeal is pending before the Second Circuit.  See United States v. Portee (Andrews), Case No. 23-8046 (2d Cir. Dec. 15, 2023).

On March 27, 2024, following this Court's denial of his § 3582 motion, defendant filed with the Second Circuit a Motion for an Order Authorizing the District Court to Consider a Successive Petition Pursuant to 28 U.S.C. §§ 2244(B), 2255(h).[3]  ECF No. 426-

---

[2] On March 1, 2023, Andrews wrote a letter to the Court requesting the appointment of counsel.  ECF No. 400.  This Court appointed Andrews' current counsel on June 1, 2023.  ECF No. 403.

[3] We note that defendant made a deliberate decision to file a motion for compassionate release before seeking leave to file a successive § 2255 petition. As this Court noted in its denial of his compassionate release motion, Andrews "made it unambiguously clear" in those moving papers that "he [did] not seek to vacate his 18 U.S.C. § 924(c) conviction . . . [and] had decided not to seek leave from the Second Circuit to file a successive 28 U.S.C. § 2255 motion at this time." Andrews, 705 F. Supp. 3d at 147, n.1.  This Court noted also that it appeared "that both of these decisions were driven by the recognition of the consequences of Andrews' failure to seek timely vacatur of his § 924(c) conviction on Count 31 within the applicable one-year time period mandated by § 2255." Id.  Defendant reversed his approach following this Court's denial of his compassionate release motion, id., seeking leave from the Second Circuit to

1.  The Second Circuit granted this motion on April 22, 2024.  ECF No. 427.

On July 11, 2024, Andrews filed the motion now before the Court, seeking vacatur of his § 924(c) conviction and sentence based on the Supreme Court's decision in <u>Davis</u> pursuant to 28 U.S.C. §§ 2255 and 2241, or, in the alternative, Federal Rule of Civil Procedure 60(b).  <u>See</u> Mot.  In support of this motion, he filed declarations by himself, ECF No. 435, and his counsel, ECF No. 431.  On August 12, 2024, the Government filed its opposition, asserting that: (i) Andrews' § 2255 motion is untimely; (ii) his claim is procedurally defaulted; and (iii) Rule 60(b) does not provide a basis for relief.  <u>See</u> ECF No. 436 ("Opp.").  Andrews filed a reply on September 6, 2024, ECF No. 441 ("Reply"), and submitted a letter containing supplemental authority on October 1, 2024, ECF No. 442.

**DISCUSSION**

**A.  Motion to Vacate Pursuant to 28 U.S.C. §§ 2255 and 2241**

First, defendant requests that this Court vacate his § 924(c) conviction and sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), citing the Supreme Court's decision in <u>Davis</u>.  Mot. at 13-24.

---

file a successive habeas petition approximately three months later, ECF No. 426-1.

### 1. Timeliness

The threshold issue for any habeas motion is timeliness. Specifically, any motion pursuant to § 2255 must be filed within one year of "the date on which the judgment of conviction became final" or, if based on the recognition of a new rule of constitutional law, "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review." See Dodd v. United States, 545 U.S. 353, 356-57 (2005) (quoting 28 U.S.C. § 2255(f)). If a petitioner fails to file a § 2255 motion within this one-year period, "his motion [i]s untimely." Moshier v. U.S., 402 F.3d 116, 118 (2d Cir. 2005).

The limitations period set forth in § 2255 may be equitably tolled only in "rare and exceptional circumstance[s]." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)). A defendant must "show that extraordinary circumstances prevented him from filing his petition on time, and he . . . acted with reasonable diligence throughout the period he seeks to toll." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (quotation and citation omitted). Further, he "must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing[,]'" id.

(quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)), and that he was "unable to pursue his legal rights during the entire period that he seeks to toll[,]" <u>United States v. Banks</u>, No. 06 Civ. 786 (DC), 2006 WL 2927235, at *5 (S.D.N.Y. Oct. 13, 2006).

As noted, defendant seeks relief based on the Supreme Court's decision in <u>Davis</u>, which held that 18 U.S.C. § 924(c)(3)(B)'s residual clause was unconstitutionally vague. See Mot. at 21-24. Defendant asserts that this decision, issued by the Supreme Court on June 24, 2019, established "a new rule of constitutional law" that was previously unavailable, and thus provided him with the basis for a successive habeas petition pursuant to § 2255. Mot. at 21-22. However, defendant did not seek leave to file this petition until March 27, 2024 – approximately four years and nine months after <u>Davis</u> was decided. See ECF No. 426-1.

Although defendant requests that the Court equitably toll this period, claiming that "extraordinary circumstances" prevented him from filing a timely petition, Mot. at 13-21, he does not sufficiently demonstrate that the intervening circumstances he cites – including his claimed receipt of inaccurate legal advice and the COVID-19 pandemic – rendered him unable to pursue his legal rights throughout the entire period he seeks to toll.

### i. Period One: June 24, 2019 through Early 2020

In his moving papers, defendant states that he became aware of the Davis opinion shortly after its issuance in 2019, writing that "everybody in [his] prison unit was talking about it" and he "read about it on inmate.com[,]" ECF No. 435 ("Decl.") ¶ 2, and he "thought he may qualify for relief[,]"  Mot. at 15.  However, defendant acknowledges that he did not take action until "early 2020," when he claims he called the office of the Federal Defenders of New York (the "Federal Defenders") "eight or nine times" and was told that he did not qualify for relief under Davis.  Decl. ¶ 4.

According to Andrews' counsel, no contemporaneous records exist to verify or dispute defendant's account.  Mot. at 16, n.6; Reply at 12, n.7.  While there are reasons to be skeptical of defendant's claim, we nonetheless have determined to toll the period following the calls, as it is ultimately immaterial.  To be clear, this is not a merits-based ruling.

However, the period of approximately six months between the issuance of Davis and Andrews' calls to the Federal Defenders' office is not tolled.

### ii. Period Two: Early 2020 through Late 2021

In Fall 2021, approximately 18 months after defendant states he spoke with the Federal Defenders attorney, Decl. ¶ 4, defendant

acknowledges that he learned his co-defendant Gary Jackson had been released following a successful § 2255 petition, Decl. ¶ 6.[4] At this point in time, defendant did not write to this Court or the Clerk's office regarding possible avenues for relief. Instead, defendant admits that he did not act on this information until October 25, 2022, when he wrote to the Clerk of Court to request information about Jackson's case. Id. ¶ 7. At that point, according to the dates recited in defendant's own declaration, at least ten months had passed since he learned of Jackson's release.

When we consider this ten-month period in conjunction with the six-month period between the issuance of Davis and Andrews' calls to the Federal Defenders' office, it is clear that the one-year limitations period elapsed well before he wrote to the Clerk of Court in October 2022. See Harper v. Ercole, 648 F.3d 132, 139 (2d Cir. 2011) ("Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period

---

[4] Jackson submitted a § 2255 petition for relief seeking to vacate his § 924(c) conviction following the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015). See United States v. Jackson, Case No. 01 Crim. 450-3 (NRB), ECF No. 343. On October 4, 2019, following the Supreme Court's decision in Davis, the Government consented to vacatur of Jackson's § 924(c) conviction. See Jackson, ECF No. 355. This Court resentenced Jackson on January 9, 2020, and he was released from prison on or about May 7, 2021. See Jackson, ECF Nos. 362-63; Federal Bureau of Prisons, Inmate Locator, https://bop.gov/inmateloc/ (last accessed November 22, 2024).

whatever time ran before the clock was stopped.") (quoting <u>United States v. Ibarra</u>, 502 U.S. 1, 4 n.2 (1991)).  Thus, there is no need to review the period between October 2022 and defendant's letter to the Court seeking the appointment of counsel in May 2023.[5]  Defendant's motion is not timely.

### 2. Equitable Tolling

Having determined that defendant did not file a timely motion, we turn to the contention that defendant's conditions of confinement constituted "extraordinary circumstances" sufficient to warrant equitable tolling of the period between Fall 2021 and October 2022.  <u>See</u> Reply at 13-17.  We disagree.

Defense counsel asserts that the COVID-19 pandemic negatively impacted defendant's conditions of confinement, stating that defendant "was transferred three times between 2019 and 2023." Reply at 13.  According to counsel, defendant attested that he was placed in isolation for several weeks while in transit and then in a 14-day quarantine each time he was transferred, and his legal papers "did not arrive at his new facility for months[.]"  <u>Id.</u>

However, the argument that these transfers had an "extraordinary" impact on defendant's ability to seek relief is

---

[5] For the purposes of this motion, the Court will consider defendant's letter to the Court in May 2023 as having "stopped the clock" on the limitations period.  <u>See</u> <u>Harper</u>, 648 F.3d at 139.

belied by records provided by the Federal Bureau of Prisons, which show that defendant remained at the same facility, FCI Tucson, between July 2021 and April 2023.  By the time defendant learned of Gary Jackson's release in Fall 2021, he would have already completed the claimed period of isolation and 14-day quarantine. And, between Fall 2021 and the time that defendant wrote to the Clerk of Court in October 2022, he remained at the same facility and was fully capable of requesting more information about Jackson's case or his own avenues for relief.  In short, the COVID-19 pandemic played no role in Andrews' failure to act swiftly after learning of Jackson's successful § 2255 petition.[6]  Defendant's motion is not timely, and the circumstances presented in his petition are not sufficiently extraordinary to warrant equitable tolling.[7]

---

[6] The cases that defense counsel cites to support the argument that defendant's conditions of confinement should constitute extraordinary circumstances are simply inapposite.  Opp. at 14-15.  While the Court does not question that prison conditions during the COVID-19 pandemic can have relevance to sentencing, compassionate release, and equitable tolling decisions, those conditions must be case-specific to be relevant to the issue before the Court.  That was not the case here.

[7] In its opposition, the Government also raises a procedural default argument, contending that defendant should have raised his § 924(c) argument when he filed his 2008 direct appeal.  Opp. at 12-15.  We note that the Supreme Court did not rule on this issue until June 2019, and Second Circuit case law at the time of Andrews' direct appeal foreclosed the argument.  See Aquino v. United States, No. 13 Crim. 536 (PKC), 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020); see also United States v. Desena, 287 F.3d 170, 181 (2d Cir. 2002).  Further, as the Fourth Circuit noted in United States v. McKinney, 60 F. 4th 188 (4th Cir. 2023), there were "no cases in any federal court of appeals prior to the Supreme Court's issuance of Johnson in 2015 that adopt[ed] a vagueness argument" with

Although we do not reach the merits of Andrews' petition, we nonetheless wish to address the repeated suggestion here and in his earlier compassionate release motion that Andrews is "currently imprisoned for conduct that is not a crime[,]" as he is serving "only that remaining portion of his sentence attributable solely to his § 924(c) conviction, which is no longer valid" under Davis.[8]  See Mot. at 21; see, e.g., ECF No. 412 at 7.  While initially compelling, this framing does not consider the resentencing power granted to the district court by § 2255.  Stated otherwise, even if Andrews had timely filed his successive habeas petition, it is far from clear that his sentence would have been reduced by five years.

---

respect to § 924(c)'s residual clause.  Under these circumstances, we do not believe this is a productive line of inquiry or discussion.

[8] Although the notion that defendant is currently serving the last five years of his sentence is presented as an absolute in his moving papers, it is not entirely accurate.  In fact, it is undeniable that Andrews would not have been within the last five years of his sentence if he had filed a timely habeas petition following Davis.

Additionally, we note that relying on projected release dates may be misleading, as they are not static.  The projected release date calculated when a prisoner enters the Bureau of Prisons system is determined using the assumption that the prisoner will earn all good conduct time ("GCT") credit available under 18 U.S.C. § 3624(b).  However, a prisoner may lose this GCT credit by misbehaving, as Andrews has done.  According to records received from the Bureau of Prisons (the "BOP"), Andrews' release date is now further away, rather than closer, as he has lost GCT credit due to disciplinary issues.  When this Court sought information from the BOP in May 2023 regarding Andrews' projected release date, he was scheduled to be released on September 25, 2028.  Andrews' current projected release date is April 14, 2029.  See Federal Bureau of Prisons, https://bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed Oct. 30, 2024).

-13-

Section 2255 provides that, after a court vacates a judgment, it "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  The Second Circuit has held that, although a de novo sentencing is not required, § 2255 "provides sufficient statutory authority for a district court to exercise its jurisdiction to resentence defendants as may appear appropriate."  See United States v. Peña, 58 F.4th 613, 619 (2d Cir. 2023) (quoting United States v. Gordils, 117 F.3d 99, 104 (2d Cir. 1997)).  This discretion is particularly relevant where, as here, there is "a 'truly interdependent sentence[,]' . . . where a mandatory consecutive sentence affects the applicable offense level under the guidelines[.]"  Peña, 58 F.4th at 619 (quoting Gordils, 117 F.3d at 104).[9]

In such circumstances, the district court may have made certain decisions at the time of sentencing based on the interplay between the defendant's various counts of conviction and his mandatory consecutive sentence.  As the Ninth Circuit noted in United States v. Handa, 122 F.3d 690, 692 (9th Cir. 1997):

---

[9] We note that the Supreme Court in Davis recognized the possibility of resentencing following vacatur, writing that "defendants whose § 924(c) convictions are overturned . . . will not [] necessarily receive lighter sentences" because, "when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted."  Davis, 588 U.S. at 469 (quoting Dean v. United States, 581 U.S. 62, 68-69 (2017)).

The court construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as "a package," reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is "unbundled." After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted.

Given its parallels, the history of Andrews' co-defendant Gary Jackson's timely § 2255 petition is particularly instructive. See United States v. Jackson, No. 01 Cr. 450-3 (NRB). There, although the Government consented to vacatur of Jackson's § 924(c) conviction, it requested that the Court resentence him on his remaining counts of conviction and impose his original sentence of 336 months, arguing that Jackson's "serious criminal conduct . . . has not changed and continues to warrant the originally-imposed sentence."[10] Jackson, ECF No. 360 at 1. In fact, this Court held a resentencing hearing. Jackson, ECF No. 363.

Although the Government has not sought the same relief here, presumably because Andrews' motion was untimely, a timely § 2255

---

[10] While the Court did not grant the Government's application, nonetheless, in its earlier decision rejecting Andrews' compassionate release motion, this Court addressed and distinguished Jackson's counts of conviction and disciplinary record from that of Andrews -- and not in a way that favors Andrews. See Andrews, 705 F. Supp. 3d at 155 (noting that Jackson "presented a significantly less concerning disciplinary record while in prison . . . and was convicted of less serious crimes").

application would have provided the opportunity for the Court to conduct a resentencing hearing, as contemplated by the statute. This Court has addressed on two prior occasions applications from Andrews to exercise its discretion to reduce his sentence: First, the Court rejected Andrews' application for resentencing pursuant to <u>Booker</u>, <u>Andrews</u>, No. 01 Crim. 450-6 (NRB), 2006 WL 1063286 (S.D.N.Y. Apr. 21, 2006); and second, and very recently, Andrews' application for compassionate release was denied in a 26-page decision, <u>Andrews</u>, 705 F. Supp. 3d 142 (S.D.N.Y. 2023). Of most relevance to the issue of whether Andrews would have been resentenced is the Court's conclusion that "he may not seriously rely on rehabilitation to support his release[,]" <u>Andrews</u>, 705 F. Supp. 3d at 151, and its discussion of the 18 U.S.C. § 3553(a) factors, <u>id.</u> at 154-55.[11]

Based on these earlier decisions, the assumption that vacatur of Andrews' § 924(c) count would have meant a reduction of his

---

[11] As this Court noted in its decision denying defendant's compassionate release motion, defendant has been the subject of approximately 108 documented infractions. <u>See</u> <u>Andrews</u>, 705 F. Supp. 3d at 151; <u>see also</u> ECF No. 417-1 ("BOP Disciplinary Records"). Of these infractions, 39 relate to physical aggression or sexual misconduct, five involve masturbation in front of or showing his genitals to female staff, and three concern the possession of a dangerous weapon. <u>See</u> BOP Disciplinary Records at 2, 3, 6-11, 13, 16, 24, 27. As of September 5, 2023, defendant had six recorded infractions in 2023 alone, including allegations of inappropriate sexual proposals and/or threats and threats to defecate on walls and windows. <u>Id.</u> at 2-4. As noted <u>supra</u> n. 8, this behavior has resulted in the extension of Andrews' projected release date.

sentence by five years and his immediate release is legally, and likely factually, wrong.

**B.   Rule 60(b) Motion**

Finally, in the alternative, defendant seeks relief pursuant to Federal Rule of Civil Procedure 60(b), asserting that relief from his conviction is warranted under the rule's catch-all provision.  Mot. at 25-31 (citing Rule 60(b)(6)).  We disagree.

As the Government notes in its opposition, Rule 60(b) is a rule of civil – not criminal - procedure that provides six enumerated grounds upon which a party may be relieved from a final judgment, order, or proceeding, including a catch-all provision for relief from judgment for "any other reason justifying relief." See Opp. at 15.  Relief under this final subsection is only "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (citation omitted).

In the criminal context, "relief under Rule 60(b) is available . . . only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004).  "If a purported Rule 60(b) motion attacks the underlying criminal proceedings, a district court has two procedural options: The court

may (1) recharacterize the Rule 60(b) motion as a new habeas petition (which, if it is 'second or successive,' should be transferred to the Second Circuit for possible certification), or (2) deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Patterson v. United States, No. 06 Crim. 80 (NRB), 2015 WL 5033900, at *3 (S.D.N.Y. Aug. 26, 2015), appeal dismissed (Nov. 5, 2015) (citations omitted).

To the extent that defendant's Rule 60(b) motion should be recharacterized as a new habeas petition, that approach is inapplicable, as his successive habeas petition is already before the Court.

As for the second approach, defendant "seeks relief that is beyond the scope of a Rule 60(b) motion." Arroyo v. United States, Nos. 01 Civ. 7165, 93 Crim. 0291 (LAK), 2007 WL 1180549, at *2 (S.D.N.Y. Apr. 23, 2007). He does not purport to challenge this court's decision in his prior habeas proceeding. Rather, defendant seeks to challenge his underlying § 924(c) conviction.

In support of his motion, defendant cites In re West, 103 F.4th 417 (6th Cir. 2024), in which the Sixth Circuit permitted a defendant convicted of conspiracy to use interstate commerce facilities in the commission of a murder for hire to seek relief from a final judgment and request reopening of his case. However,

the district court in West had previously acknowledged that it imposed the defendant's sentence in error, and the Sixth Circuit wrote that "a sentencing judge's acknowledgment in non-habeas post-conviction proceedings that a prisoner is serving an unconstitutionally imposed life sentence is both so unique and so extraordinary . . . that it supplies a freestanding basis for relief under Rule 60(b)(6)." Id. at 420. Defendant asserts that his Rule 60(b) motion is premised on the same general principles set forth in West and is therefore independent from the constitutional claims posited in his § 2255 motion, presenting valid and separate bases for relief. Mot. at 30-31.

However, West involved meaningfully different circumstances than those presented here. As the Government notes in its opposition brief, the petitioner in West was sentenced to life imprisonment when he should have been subject to a ten-year maximum based on his sole count of conviction. Opp. at 18-19. In determining that the defendant presented a valid Rule 60(b) claim, the Sixth Circuit cited both the sentencing judge's acknowledgment that the defendant was "serving an unconstitutionally imposed life sentence" and the possibility that the government had engaged in fraud on the court. West, 103 F.4th at 420.

While defendant asserts that West provides "precisely the example of equitable relief under Rule 60(b)(6) that the provision

-19-

contemplates," Opp. at 21, arguing that both Andrews and West were "serving [] term[s] of imprisonment for conduct that is not a crime[,]" <u>id.</u>, we agree with the Government that defendant's comparison to <u>West</u> is inapposite.   The defendant in <u>West</u> was convicted and sentenced under circumstances that involved real errors acknowledged by the appellate court.   In comparison, Andrews has not asserted that this Court committed any error at the time of conviction or sentencing. Where, as here, defendant has raised no concerns regarding the court's original conviction and sentencing, and he is able to file a successive habeas petition seeking to vacate his conviction based on post-conviction legal developments, Rule 60(b) is not an appropriate vehicle for relief.

In sum, no purpose served by Rule 60(b) is relevant here. Accordingly, defendant's motion is denied, as his claim falls outside the scope of permissible relief under Rule 60(b).[12]

---

[12] Given the inapplicability of Rule 60(b) to these proceedings, we need not reach the question of whether defendant's Rule 60(b) motion was filed within a reasonable time.

**CONCLUSION**

For the reasons stated above, defendant's motion is denied in its entirety.  The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 434.


**SO ORDERED.**


Dated:    November 22, 2024
          New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE